**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FRANCISCO AZEVEDO, | ) | 3:05-cv-195-BES-RAM |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| NORTHLAND INSURANCE CO., et al. | ) | |
| Defendants. | ) | |

Currently before the Court is Defendant RDK Management, Inc., dba Kaufman and Kaufman Insurance's ("RDK") Motion to Strike GM Transport's ("GM") Answer and Cross-Complaint and Motion to Dismiss (#91), which was filed on December 29, 2005. GM filed an Opposition (#119) on February 15, 2006, and RDK filed a Reply (#132) on March 8, 2006.

Also before the Court is Defendant Transwestern General Agency's ("Transwestern") Motion to Dismiss GM's Cross-Complaint (#94), which was filed on December 30, 2005. GM filed an Opposition (#118) on February 15, 2006, and Transwestern filed a Reply (#134) on March 13, 2006.

**I. BACKGROUND**

This case involves an insurance contract dispute. Plaintiff Francisco Azevedo ("Azevedo") seeks to recover benefits under the policy of his employer GM. According to Azevedo, on September 25, 2002, Northland, a licensed insurance company through its agent RDK and/or Transwestern, sold a commercial auto insurance policy to GM. In September 2002, the Northland policy provided uninsured/underinsured ("UM/UIM") policy limits of

$30,000.00. According to Azevedo, on October 31, 2002, the Northland policy was modified to provide UM/UIM policy limits of $1,000,000.00. According to Transwestern, it reduced the UM/UIM limits back to $30,000 effective December 12, 2002. Azevedo disagrees.

On February 6, 2003, Azevedo, a GM truck driver, was involved in a motor vehicle accident in Missouri and suffered severe injuries. At the time of the accident, Azevedo was an insured under GM's insurance policy with Northland.

On March 25, 2004, Azevedo brought this suit naming Northland, Transwestern, RDK and GM as defendants. In his complaint, Azevedo asserted seven claims: (1) Breach of the Duty of Good Faith and Fair Dealing by Northland; (2) Misrepresentation by Northland; (3) Fraud by Northland; (4) Breach of Nevada Insurance laws by Northland and Transwestern; (5) Waiver and Estoppel against Northland; (6) Negligence against RDK and Transwestern; and (7) Conspiracy by RDK, Northland and Transwestern. No claims were made against GM. Azevedo's complaint states that "GM is named herein as a party necessary to the litigation pursuant to NRCP 19(a), but plaintiff makes no allegations against it, seeks no relief from it, and no answer is required." (Complaint ¶ 5.) On April 1, 2005, Northland filed a Notice of Removal of this action from the Second Judicial District Court of Nevada, in and for the County of Washoe, to this Court.

On December 8, 2005, GM filed its Answer and Cross-Complaint asserting thirteen claims:(1) Breach of Insurance Contract against Cross-Defendants Northland and Transwestern; (2) Waiver and Estoppel against Cross-Defendants Northland and Transwestern; (3) Breach of the Duty of Good Faith and Fair Dealing by Cross-Defendants Northland and Transwestern; (4) Unjust Enrichment/Quantum Meruit against Cross-Defendants Northland and Transwestern; (5) Breach of Fiduciary or Fiduciary-Like Duty against Cross-Defendants RDK, Northland and Transwestern; (6) Negligence Per Se against Cross-Defendants Northland and Transwestern (NRS 686A.310); (7) Fraud against Cross-Defendants Northland and Transwestern; (8) Intentional Misrepresentation against Cross-Defendants RDK, Northland and Transwestern; (9) Negligent Misrepresentation against Cross-Defendants RDK, Northland and Transwestern; (10) Conspiracy against Cross-Defendants

RDK, Northland and Transwestern; (11) Breach of Nevada Insurance Laws against Cross-Defendants RDK, Northland and Transwestern; (12) Negligence against Cross-Defendant RDK; and (13) Negligence against Cross-Defendant Transwestern.

On December 30, 2005, Transwestern filed its Motion to Dismiss asserting that GM (1) lacks capacity to pursue the cross-claims; (2) cannot recover damages; (3) lacks standing; and (4) has not properly pled its claims.

On February 16, 2006, GM filed its Opposition asserting (1) The Court has subject matter jurisdiction over all causes of action alleged against Transwestern; (2) GM has capacity to sue Transwestern; (3) GM's cause of action against Transwestern cannot be dismissed for failure to state a claim upon which relief can be granted; and (4) GM sufficiently pled a claim for waiver and estoppel.

On March 13, 2006, Transwestern filed its Reply asserting that GM (1) Lacks capacity to bring suit; (2) Lacks standing to assert damages on behalf of Azevedo; and (3) Fails to properly plead its claim

## II. ANALYSIS

**A. RDK's Motion to Strike GM's Answer and Cross-Complaint and Motion to Dismiss (#91).**

The overarching issue presented here is whether GM was properly joined to this action such that its Answer and Cross-Complaint were warranted to the extent necessary to avoid being stricken pursuant to a Fed. R. Civ. P. 12(f) motion to strike.

**1. Sufficiency of the joinder under Fed. R. Civ. P. 19.**

In relevant part, Fed. R. Civ. P. 19(a) provides that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest . . . . If the joined party objects to venue and joinder of that party would render the venue of the action

improper, that party shall be dismissed from the action. FED. R. CIV. P. 19(a).

Fed. R. Civ. P. 19(b) provides that if it is not feasible for the court to join a person meeting the requirements of Fed. R. Civ. P. 19(a), the court:

> . . . shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court [in determining whether a party is indispensable] include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FED. R. CIV. P. 19(b).

In determining whether or not a party is indispensable, factual evidence is required; mere conclusory statements as to a party's indispensability are not enough. See Imperial v. Castruita, 418 F. Supp 2d 1174, 1178 (C.D. Cal. 2006). Here, Azevedo's complaint states merely that "GM is . . . a party necessary to this litigation pursuant to NRCP 19 (a) . . . ." (Complaint ¶ 5.) The Complaint contains no evidentiary support whatsoever for the claim that GM is either necessary or indispensable. The Complaint itself acknowledges the gratuitous nature of GM's inclusion in so much as it states that "plaintiff makes no allegations against [GM], seeks no relief from [GM], and no answer is required." Id. GM claims that its answer and Cross-Complaint cannot be stricken because it was named as an indispensable defendant in the Complaint. (Opp'n to Def. RDK Management, Inc. Mot. to Strike GM's Answer and Cross-Compl. and Mot. to Dismiss 2.) GM's assertion of its status as an indispensable party, however, is equally unsupported by statements of fact. Therefore, the Court cannot find that GM has been joined to this action under Fed. R. Civ. P. 19(a).

**2. Sufficiency of joinder under Fed. R. Civ. P. 20.**

Here, Azevedo explicitly chose to join GM as a defendant under Fed. R. Civ. P. 19(a)–a more difficult standard to meet than that available under Fed. R. Civ. P. 20(a)'s permissive joinder provision; that provision does not require a finding that the party to be joined be either necessary or indispensable. See FED. R. CIV. P. 20(a). However, even if the Court were to construe Azevedo's effort to bring GM into this action as an attempt to join GM under the more

4

forgiving joinder analysis of Fed. R. Civ. P. 20, defects in the Complaint would mitigate against allowing the joinder.

Fed. R. Civ. P. 20(a) states in relevant part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, or occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a).

Fed. R. Civ. P. 20(a) triggers a two pronged analysis: first, a right to relief arising out of the same transaction or occurrence must exist; second, a common question of law or fact must appear. Generally speaking, much of the effort in applying this analysis pertains to the "transaction or occurrence" test. Here, however, a much more elementary flaw exists: no right to relief has been asserted against GM. (Complaint ¶ 5.) Assuming that a right to relief must at least meet the requirements for a sufficiently pled claim under Fed. R. Civ. P. 8(a), then "all the rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 335 U.S. 41, 47 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)). Here, Azevedo attempts to join a party without asserting a single claim against GM. Instead, he disclaims any interest he might have in GM as a defendant by not requiring an answer of it. (Complaint ¶ 5.) Consequently, the Court cannot find that GM has been joined to this action under Fed. R. Civ. P. 20(a).

**3. Intervention under Fed. R. Civ. P. 24.**

The result of Azevedo's failure to properly join GM as a defendant in this case is that GM's Answer and Cross-Complaint are tantamount to an unsolicited pleading. This is underscored by the fact that the Complaint states clearly that no answer is required of GM. (Complaint ¶ 5.) Thus, GM, by its Answer and Cross-Complaint, is seeking to enter this action on its own initiative. As a general rule, parties seeking to enter an action on their own initiative must do so by filing a motion to intervene pursuant to Fed. R. Civ. P. 24(c). Spanger v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977). Even if the court were to

5

allow persons not a party to the litigation to participate at some stage of the proceedings, this will usually not eliminate the need for the party to seek formal intervention. Id. Fed. R. Civ. P. 24(c) requires that a motion to intervene "state the grounds [for intervention] and be accompanied by a claim or defense for which intervention is sought." FED. R. CIV. P. 24(C). Here, GM replied to Plaintiff's Complaint by way of an Answer and Cross Complaint. Nowhere did GM state the grounds for intervention. Thus, GM did not comply with the procedural requirements of Fed. R. Civ. P. 24(c). Therefore, the Court cannot find that GM has become a party to this action on the basis of an independent intervention.

The foregoing discussion makes clear that GM has not been made a party to this action under either Fed. R. Civ. P. 19(a), 20(a) or 24(c). Thus, at this stage, the Court finds that GM is a nonparty to this action. The only question that remains is what effect GM 's nonparty status has on the viability of its Answer and Cross-Complaint under Fed. R. Civ. P. 12(f).

**4. Fed. R. Civ. P. 12(f).**

Fed. R. Civ. P. 12(f) states:

> Upon motion made by a party before responding to a pleading . . . the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f).

Under Fed. R. Civ. P. 12(f), motions to strike allegations of a complaint may be granted where matters are unrelated to the pleader's claims, and that the moving party would be prejudiced if the allegations in the pleading were to remain. Cumis Ins. Soc'y, Inc. v. Peters, 983 F. Supp. 787, 798 (N.D. Ill. 1997). Prejudice exists when the contested allegation would confuse the issues, or would by its length and complexity, place an undue burden on the respondent. Id. It has been established here that GM was never sufficiently made a party to this litigation. Thus, its Answer and Cross-Complaint were that of a nonparty. As such, they cannot be considered related to the Pleader's claims. Moreover, It is hard to consider that an unsolicited answer and cross-complaint by a nonparty could do anything but confuse issues in the case. RDK and Transwestern would certainly be prejudiced if they were forced to defend the superfluous allegations of a nonparty while simultaneously offering a defense to the actual Plaintiff. Accordingly, the Court finds that GM's Answer and Cross-Complaint,

having been submitted by a nonparty, are both prejudicial and redundant. The Court therefore strikes GM's Answer and Cross-Complaint (#75). GM, however, may file a motion for intervention that meets the requirements of Fed. R. Civ. P. 24, at which time the Court will consider whether GM may be made a party to this action under the applicable rules.

### III. CONCLUSION

In accordance with the foregoing,

IT IS HEREBY ORDERED that RDK's Motion to Strike GM's Answer and Cross-Complaint and Motion to Dismiss (#91) is granted in part and denied in part. RDK's request to strike GM's Answer and Cross-Complaint is GRANTED. RDK's Motion to Dismiss is denied as moot.

IT IS FURTHER ORDERED that GM's Answer and Cross-Complaint (#75) is stricken.

IT IS FURTHER ORDERED that Transwestern's Motion to Dismiss GM's Cross-Complaint (#94) is denied as moot.

DATED: This 22nd day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE